UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARY L. BILLIOT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:05-CV-252 |
| | ) | (VARLAN/GUYTON) |
| COVE MOUNTAIN REALTY, INC., | ) | |
| JOHN YOUNG, and ALIXE YOUNG, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Mary Billiot has sued Cove Mountain Realty, Inc. and John and Alixe Young for injuries she sustained in a rental cabin in Sevier County, Tennessee. Plaintiff was vacationing with her family at the cabin on August 1, 2004 when the incident occurred. Defendants John Young and Alixe Young are the owners of the cabin and defendant Cove Mountain Realty is a rental agency for numerous cabins in the Sevier County area, including the Youngs' cabin.

As set forth in the complaint [Doc. 1] and the amendment to complaint[1] [Doc. 6], plaintiff fell off the last step of the stairs in the cabin and fractured her hip. Plaintiff complains that the defendants "were negligent and/or grossly negligent in stopping the hand-rail at the second to last step and not warning the public and/or renters of said cabin of the location of the hand-rail and the fact that there was indeed another step on the staircase after the hand-rail ended on the second to last

---

[1] The Court notes that plaintiff has not properly amended her complaint. Her proposed amendment [Doc. 6] is not a complete amended complaint as required by L.R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, shall, except by leave of court, reproduce the entire pleading as amended and may not incorporate any prior pleading by reference."). The amendment to the complaint does not include the allegations numbered 1 through 13 in the original complaint, but merely starts with allegation number 14.

step and in failing to place a warning or warning mechanism that there was another step below the end of the hand rail." [Doc. 6 at ¶ 16.]

Defendant Cove Mountain Realty, Inc. has moved to dismiss the claims against it and/or for summary judgment [Doc. 14]. Cove Mountain argues that, as a landlord, it is not liable to a tenant or a third party for harm by a dangerous condition on the leased premises. Cove Mountain also argues that it did not retain any control whatsoever over the property owned by the Youngs. Cove Mountain contends that it was not aware of, nor did it have actual or constructive knowledge of, any dangerous condition on the premises. Thus, Cove Mountain argues that it is not liable to the plaintiff for any alleged injuries suffered on the leased premises. [Doc. 15.]

Cove Mountain has submitted the Affidavit of Chuck McGinnis [Doc. 16], the owner of Cove Mountain Realty, Inc., in support of the pending motion. Mr. McGinnis states that, other than acting as a leasing agent and landlord, Cove Mountain is not involved in the ownership of the Youngs' cabin. [*Id*. at ¶ 5.] Mr. McGinnis states that the Youngs retain control over all decisions related to ownership of the cabin, including the interior design of the cabin. [*Id*. at ¶ 6.] Mr. McGinnis further states that Cove Mountain did not retain any control whatsoever over the property it managed for the Youngs. [*Id*. at ¶ 7.] Mr. McGinnis avers that Cove Mountain's only responsibility, in addition to renting the unit, was to provide routine maintenance, such as changing the linens, and emergency repairs, if needed, such as glass replacement, or plumbing and electrical repairs. [*Id*. at ¶ 8.] Finally, Mr. McGinnis states that Cove Mountain had received no complaints concerning the safety of the cabin until this incident occurred. [*Id*. at ¶ 10.]

In response, plaintiff argues that the defendant's motion is improperly filed as a motion to dismiss under Fed. R. Civ. P. 12(b), but implicitly concedes that it is a properly filed motion for

summary judgment under Fed. R. Civ. P. 56.  Plaintiff argues that an owner or occupier of property owes a duty to exercise reasonable care to make the premises safe for those lawfully on the premises.  Plaintiff also contends that Cove Mountain owed a duty of care to the plaintiff as the landlord of the premises or, alternatively, as the innkeeper of the premises.  In support of her response, plaintiff has submitted excerpts from the deposition testimony of Mr. McGinnis, as well as a copy of the lease agreement between the Youngs and Cove Mountain.  [Docs. 32-2, 32-3.]

Because Cove Mountain has relied on matters outside the pleadings, the motion will be treated as a motion for summary judgment.  Fed. R. Civ. P. 12(b).  Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  The burden of establishing there is no genuine issue of material fact lies upon the moving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986).  The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002).  To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law.  *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter.  *Id.* at

3

249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

The parties do not address how the Court should assess which standard of care should apply, *i.e.*, the landlord/tenant standard or the innkeeper/guest standard. The parties have not cited to any authority which would provide guidance in making such a determination on the present facts. The lease agreement between the Youngs and Cove Mountain indicates that Cove Mountain will act as a leasing agent and property management company for the Youngs' cabin. [*See* Doc. 32-3.] The lease agreement also provides that Cove Mountain will repair and maintain the cabin at the Youngs' expense. Further, the lease agreement states that Cove Mountain will inspect the cabin after each rental. Such facts suggest that Cove Mountain acts as a typical landlord in renting and maintaining rental property. However, it appears that the property is rented for relatively short periods of time, such as a few days or up to week as in the present case. These facts suggest that Cove Mountain acts similar to an innkeeper in renting hotel rooms.

The distinction is important as the standards of care are different. The plaintiff is correct that the duty placed on innkeepers to protect registered guests is a duty of care under all the circumstances. *Kveragas v. Scottish Inns, Inc.*, 733 F.2d 409, 413 (6th Cir. 1984). The defendant is correct that a landlord is generally not liable to a tenant or a third party for harm caused by a dangerous condition on the leased premises. *Lethcoe v. Holden*, 31 S.W.3d 254, 256 (Tenn. Ct. App. 2000). However, one exception to the rule of landlord liability is if: (1) the dangerous condition was in existence at the time the lease was executed; (2) the landlord knew or should have

4

known of the dangerous condition; and (3) the tenant did not know of the condition and could not have learned about it through the exercise of reasonable care. *Id*. Similarly, if a landlord and tenant have co-extensive knowledge of the dangerous condition, the landlord is not liable to the tenant for injuries sustained as a result of the dangerous condition. *Id*. Further, a landlord may be held liable where the landlord retains control of the property. *Id*. at 258.

The parties appear to assume for purposes of the pending motion that the handrail constituted a dangerous condition at the cabin. Assuming the handrail is a dangerous condition for purposes of the pending motion, the record is silent as to whether this condition existed at the time the plaintiff's family rented the cabin. The record is silent as to whether Cove Mountain knew of the dangerous condition at the time of the rental. The record indicates that Cove Mountain had received no complaints about the cabin prior to this incident, but there is no evidence regarding knowledge of the condition of the handrail. The record is also silent as to whether plaintiff knew of the condition of the handrail or could have learned about it through the exercise of reasonable care. The record does not indicate whether this incident occurred during the day time or at night, nor is there any evidence whether plaintiff had previously walked up or down the stairs. Finally, the plaintiff has presented sufficient evidence to create a question of fact as to whether Cove Mountain had control of the property, specifically that Cove Mountain is responsible for repairs to the cabin and for all duties related to cleaning, inspecting, and renting the cabin.

Thus, viewing the facts in the light most favorable to the plaintiff and for all of these reasons, the Court simply cannot determine on the present incomplete record whether Cove Mountain is indeed entitled to summary judgment based on the general rule regarding landlord liability, if one

5

Case 3:05-cv-00252   Document 41   Filed 07/11/06   Page 5 of 6   PageID #: 15

known of the dangerous condition; and (3) the tenant did not know of the condition and could not have learned about it through the exercise of reasonable care. *Id*. Similarly, if a landlord and tenant have co-extensive knowledge of the dangerous condition, the landlord is not liable to the tenant for injuries sustained as a result of the dangerous condition. *Id*. Further, a landlord may be held liable where the landlord retains control of the property. *Id*. at 258.

The parties appear to assume for purposes of the pending motion that the handrail constituted a dangerous condition at the cabin. Assuming the handrail is a dangerous condition for purposes of the pending motion, the record is silent as to whether this condition existed at the time the plaintiff's family rented the cabin. The record is silent as to whether Cove Mountain knew of the dangerous condition at the time of the rental. The record indicates that Cove Mountain had received no complaints about the cabin prior to this incident, but there is no evidence regarding knowledge of the condition of the handrail. The record is also silent as to whether plaintiff knew of the condition of the handrail or could have learned about it through the exercise of reasonable care. The record does not indicate whether this incident occurred during the day time or at night, nor is there any evidence whether plaintiff had previously walked up or down the stairs. Finally, the plaintiff has presented sufficient evidence to create a question of fact as to whether Cove Mountain had control of the property, specifically that Cove Mountain is responsible for repairs to the cabin and for all duties related to cleaning, inspecting, and renting the cabin.

Thus, viewing the facts in the light most favorable to the plaintiff and for all of these reasons, the Court simply cannot determine on the present incomplete record whether Cove Mountain is indeed entitled to summary judgment based on the general rule regarding landlord liability, if one

of the exceptions to the rule applies, or if the innkeeper/guest duty of care applies.  Therefore, the defendant's motion to dismiss and/or for summary judgment [Doc. 14] is hereby **DENIED**.

The plaintiff is further **DIRECTED** to file a complete, amended complaint in compliance with L.R. 15.1 within ten (10) days of the entry of this order.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
