UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARY L. BILLIOT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-252 |
| ) | (Varlan/Guyton) |
| COVE MOUNTAIN REALTY, INC., ) | |
| JOHN YOUNG, AND ALIXE YOUNG, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 104] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of the plaintiff's Motion in Limine or, in the Alternative, Motion to Exclude Testimony of Mr. Alex Walker and Mr. Burton Webb. [Doc. 83] The parties appeared before the Court on January 23, 2008, for a hearing on the instant motion. Attorneys Harry S. Gillman and Mark Floyd appeared on behalf of the plaintiff, while attorney Ellis A. Sharp appeared on behalf of the defendants.

The plaintiff has filed a motion challenging the admissibility of the testimony of Mr. Alex Walker and Mr. Burton Webb under Rule 702 of the Federal Rules of Evidence and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion

> or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The trial judge must act as a gatekeeper, admitting only that expert testimony that is relevant and reliable. Daubert, 509 U.S. at 589. With regard to scientific knowledge, the trial court must initially determine whether the reasoning or methodology used is scientifically valid and is properly applied to the facts at issue in the trial. Id. To aid the trial court in this gatekeeping role, the Supreme Court has listed several key considerations: (1) whether the scientific knowledge can or has been tested; (2) whether the given theory or technique has been published or been the subject of peer review; (3) whether a known error rate exists; and (4) whether the theory enjoys general acceptance in the particular field. Id. at 592-94. The Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." Id. at 595. "[T]he test under Daubert is not the correctness of the expert's conclusions but the soundness of his methodology." Daubert v. Merrell Dow Pharmaceuticals, Inc., 43 F.3d 1311 (9th Cir. 1995).

Although Daubert centered around the admissibility of scientific expert opinions, the trial court's gatekeeping function applies to all expert testimony, including that based upon specialized or technical, as opposed to scientific, knowledge. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147-48 (1999); Berry v. City of Detroit, 25 F.3d 1342, 1350 (6th Cir. 1994). The trial court's objective "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire, 526 U.S. at 152. The trial judge enjoys broad discretion in determining whether the factors listed in Daubert reasonably

measure reliability in a given case. Id. at 153. With this framework in mind, the Court will now address the plaintiff's motion.

With respect to Mr. Walker, an architect with approximately thirty-five years experience, the Court notes that the notes to Rule 702 of the Federal Rules of Evidence indicate that an "expert is viewed, not in a narrow sense, but as a person qualified by knowledge, skill, experience, training or education. Thus within the scope of the rules are not only experts in the strictest sense of the word, e.g., physicians, physicists, and architects, but also the large group sometimes called 'skilled' witnesses, such as bankers or landowners testifying to land values." Fed. R. Evid. 702 Adv. Comm. Note (1972). Thus, the rules clearly envision architects as the type of individual in possession of knowledge falling under the ambit of Rule 702.

The notes to Rule 702 further state that "[i]n certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony." Fed. R. Evid. 702 Adv. Comm. Note (2000). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596; see Byrne v. Gracious Living Indus., No. 01 Civ. 10153, 2003 U.S. Dist. LEXIS 2552, at *1 (S.D.N.Y. Feb. 25, 2003) (Despite a lack of "empirical testing," expert's "opinion as to the manufacturing defect issue is sufficiently reliable – given his expertise and its foundation on observable conditions of the subject chair – to leave the matter to the jury."). Based upon the record before it, the Court finds that Mr. Walker does have sufficient knowledge, skill, experience, training, or education in the field of architecture to allow him to qualify as an expert in the field of architecture. Additionally, given that Mr. Walker's testimony focuses on the building codes governing the construction of the cabin in question, the Court finds

that Mr. Walker's review of photographs of the stairwell in question, coupled with his experience and training in the field of architecture, provide Mr. Walker with a sufficient basis to form an opinion. During the hearing the plaintiff argued that the issue of building codes was a question of law, and that expert opinion would be needed. The Court finds that if there is a question as to what building codes apply to the cabin in question, then that would be a question of law to be decided by the District Court. However, whether the stairs in question complied with the codes is a question of fact, and Court finds that the testimony of an architect knowledgeable of the interaction between the building codes and the actual construction of buildings would aid the trier of fact in reaching that determination.

With respect to Mr. Webb, a general contractor who built the cabin at issue, as well as many others similar to it, the Court finds that Mr. Webb's experience and training as a general contractor is similarly sufficient to allow him to form an opinion in this matter, and any weaknesses in his opinion will certainly be subject to cross examination at trial. Additionally, the Court notes that any factual testimony offered by either witness must of course be relevant and admissible, a decision that must be left to the District Court to decide based upon the evidentiary landscape before it at the time.

Accordingly, the Court finds that the plaintiff's motion [Doc. 83] is not well-taken and the same is hereby **DENIED**.

**IT IS SO ORDERED.**

              **ENTER:**

               s/ H. Bruce Guyton
              United States Magistrate Judge